**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: NORDSTROM, INC. | No. 13-71163 |
| | |
| NORDSTROM, INC.,<br>*Petitioner*, | D.C. No.<br>3:11-cv-02609-<br>JM |
| v. | |
| UNITED STATES DISTRICT<br>COURT FOR THE SOUTHERN<br>DISTRICT OF CALIFORNIA,<br>SAN DIEGO,<br>*Respondent*, | ORDER |
| GINA BALASANYAN,<br>*Real Party in Interest*. | |

Petition for Writ of Mandamus from the
United States District Court
for the Southern District of California

Submitted to Motions Panel June 17, 2013[*]

Filed June 27, 2013

Before: Michael Daly Hawkins, Ronald M. Gould,
and Paul J. Watford, Circuit Judges.

**COUNSEL**

Julie A. Dunne, Lara K. Strauss, and Joshua D. Levine, Littler Mendelson P.C., San Diego, California, for the Petitioner.

Kathryn Lee Boyd, Jeff Neiderman, and Sherli Shamtoub, Schwarcz, Rimberg, Boyd & Rader, LLP, Los Angeles, California, for the Real Party in Interest.

**ORDER**

The court has considered the "amici curiae" letters submitted in support of this petition for writ of mandamus.

Petitioner has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus. *See Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977). Indeed, we find the petition to be frivolous and wholly without merit. Accordingly, the petition, including the request for an immediate stay of district court proceedings, is denied.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Within 21 days after the date of this order, counsel Julie A. Dunne, Lara K. Strauss, and Joshua D. Levine of Littler Mendelson P.C. shall show cause in writing why monetary sanctions should not be imposed against counsel individually for filing a frivolous petition for writ of mandamus. *See* 9th Cir. R. 46-2(d), (i); 9th Cir. Gen. Ord. 12.9(a); *see also* 9th Cir. R. 46-2 advisory committee's note (8) (court may impose monetary sanctions under inherent powers of the court); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-51 (1991).

Counsel's failure to file a timely response to this order will result in the imposition of sanctions without further notice.

Counsel's response to the order to show cause is referred to the Appellate Commissioner, who shall conduct whatever proceedings he deems appropriate and shall have authority to enter an order, including an order imposing monetary sanctions.

**DENIED**.